```
                    United States District Court
                              For The
                         District Of Vermont
```

JEFFREY P. NERONSKY,            )
                                )
     Plaintiff,                 )
                                )     No. 2:08-cv-220
     v.                         )
                                )
JELD-WEN, INC.,                 )
                                )
     Defendant.                 )

## MEMORANDUM and ORDER

Plaintiff Jeffrey P. Neronsky has moved to amend his complaint to withdraw his Workers Compensation Discrimination claim (Count Two) and to add a claim of Intentional Infliction of Emotional Distress ("IIED").  Defendant Jeld-Wen, Inc. ("Jeld-Wen") does not oppose Neronsky's request to withdraw, as long as the dismissal is with prejudice.  Jeld-Wen opposes Neronsky's request to add a claim for IIED on the ground that the IIED claim is futile.  For the reasons stated below, Neronsky's motion to amend is **granted**, and Count Two is dismissed with prejudice.  Additionally, Jeld-Wen's motion to file Sur-Reply (Doc. 25.) is **granted** and Neronsky's motion to strike Jeld-Wen's Sur-Reply (Doc. 27.) is **denied**.

## Facts

The following facts, taken from Neronsky's complaint, are assumed to be true for purposes of this motion.  Neronsky is a resident of Springfield, Vermont.  Jeld-Wen is a privately held company, incorporated in Vermont and headquartered in Klamath

Falls, Oregon. Between April, 2007 and May, 2008, Jeld-Wen employed Neronsky as a machine operator. During Neronsky's employ, he successfully completed numerous safety training courses, the latest in May, 2008.

On May 19, 2008, Neronsky was struck by an inconspicuous machine while en route to the men's room at the Jeld-Wen plant. The machine was operating in a dark section of the plant. Prior to Neronsky's injury Jeld-Wen had not provided its employees with any safety announcements, notifications, signs, devices or warnings regarding the potential for injury in the plant.

As a result of his accident, Neronsky was rushed to a hospital for emergency treatment. He suffered severe scalp lacerations which required stitches and/or staples. The following day Jeld-Wen suspended Neronsky. Two days later Jeld-Wen fired Neronsky and claimed that he had engaged in an "egregious series of unsafe acts" and "violations of safety regulations." (Doc. 18-3 at 2.)

After the accident, Neronsky suffered severe emotional distress with the potential for suicide. He filed suit in the Superior Court for Windsor County, Vermont on July 29, 2008. Jeld-Wen removed the case to this Court within thirty-days of receipt of the complaint on October 15, 2008, on the basis of diversity jurisdiction.

## Discussion

In determining whether to grant leave to amend a complaint, a court should generally consider whether the motion is being made after an inordinate delay without adequate explanation, whether prejudice to the defendants would result, whether granting the motion would cause further delay, and whether the amendment would be futile. *See, e.g.*, *Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000)(reciting factors to consider). A court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion to amend is within a court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994).

When a party seeks to voluntarily withdraw some, but not all, of the counts of a multi-count complaint before trial, Federal Rule of Civil Procedure 15 applies. 3 James WM. Moore et al., Moore's Federal Practice ¶ 15.12[4] (3d ed. 2008).

Jeld-Wen does not oppose the dismissal of Count Two, and Neronsky does not oppose dismissal with prejudice. Count Two is dismissed with prejudice.

Neronsky also seeks to amend his complaint to add a claim of IIED. Jeld-Wen opposes on the ground of futility. "A district court may properly deny leave when amendment would be futile."

*Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1988) (citing *Foman*, 371 U.S. at 182). "An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis." *Chan v. Reno*, 916 F.Supp. 1289, 1302 (S.D.N.Y. 1996) (citing *Silberblatt, Inc. v. E. Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979)).

Vermont law "recognizes the tort of intentional infliction of emotional distress." *Crump v. P & C Food Markets, Inc.*, 576 A.2d 441, 448 (Vt. 1990). In order to succeed on an IIED claim the plaintiff will have to prove "(1) conduct that is extreme and outrageous; (2) conduct that is intentional or reckless; and (3) conduct that causes severe emotional distress." *Thayer v. Herdt*, 586 A.2d 1122, 1126 (Vt. 1990) (citing *Sheltra v. Smith*, 392 A.2d 431, 433 (Vt. 1978)); *see also Denton v. Chittenden Bank,* 655 A.2d 703, 706 (Vt. 1994); *Crump*, 576 A.2d at 448. Courts consider the elements of an IIED claim somewhat differently "in the context of termination of employment," however. *Woodstock Resort Corp. v. Scottsdale Ins. Co.*, 927 F.Supp. 149, 154–55 (D. Vt. 1996) (quoting *Crump*, 576 A.2d at 448). Although "the mere termination of employment will not support a claim for [IIED,] if the manner of termination evinces circumstances of oppressive conduct and abuse of a position of authority vis-à-vis plaintiff, it may provide grounds for the tort action." *Crump*, 576 A.2d

448. Nevertheless, "it does not mean that supervisors may be held liable for 'mere insults, indignities, or annoyances that are not extreme or outrageous.'" *Denton*, 655 A.2d at 707 (quoting Restatement (Second) of Torts §46 cmt. d (1965)).

Here, Neronsky makes several averments that suggest Jeld-Wen's conduct was extreme and outrageous. For instance, Neronsky alleges that his supervisor at Jeld-Wen "failed to notify employees that there was a potentially dangerous condition in the plant until after the equipment seriously injured [Neronsky];" that "[Jeld-Wen] attempted to disguise the accident as [Neronsky's] fault;" that "[Jeld-Wen] fired [Neronsky] because, it claimed, he engaged in unsafe acts even though it was [Jeld-Wen] who created the dangerous circumstances." (Complaint ¶¶ 9, 10, 14 and 26). It is plausible that a Vermont jury might find Jeld-Wen's alleged conduct, if proven, to be outrageous and extreme.

Neronsky alleges that Jeld-Wen recklessly created a dangerous working environment that actually caused his injuries. Moreover, Neronsky alleges that rather than help, Jeld-Wen blamed him for his own injuries. Immediately following his accident, Neronsky alleges that Jeld-Wen suspended and then fired him rather than admit that it created the dangerous working environment. Such alleged behavior could satisfy the intentional or reckless conduct element of an IIED claim especially in light

5

of Jeld-Wen's position of authority vis-à-vis Neronsky.  Neronsky also alleges that the Jeld-Wen's conduct caused him to suffer severe emotional distress.  (Doc. 18-3 at 3.)

Taking Neronsky's allegations to be true, Neronsky has alleged the necessary elements of an IIED claim to survive a motion to dismiss.  Thus, permitting Neronsky to amend his complaint to add a claim for IIED would not be futile. Neronsky's motion to amend complaint is granted.

## Conclusion

Accordingly, Neronsky's request to withdraw Count Two is **granted** and Count Two is **dismissed with prejudice**.  Neronsky's request to add a claim for IIED is **granted**.  Jeld-Wen's motion for leave to file Sur-Reply is **granted**.  Neronsky's motion to strike Jeld-Wen's Sur-Reply is **denied**.

Dated at Burlington, Vermont this 28th day of April, 2009.

/s/ William K. Session, III
William K. Sessions, III
Chief Judge, U.S. District Court